**Borges v. Osram Sylvania                CV-04-307-PB   6/8/05**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Doris L. Borges</u>

    **v.**                                              Case No. CV-04-307-PB

<u>Osram Sylvania, Inc.</u>


<u>**MEMORANDUM AND ORDER**</u>

Doris Borges brings this suit against Osram Sylvania, Inc. ("Osram"), claiming that its denial of her short-term disability ("STD") benefits violates the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. The parties have filed cross-motions for summary judgment. For the reasons that follow, I grant Osram's motion (Doc. No. 9) and deny Borges' motion (Doc. No. 10).

### I.  <u>BACKGROUND</u>

Doris Borges was hired by Osram as a halogen lamp maker on June 7, 1999. Since that time she has been a participant in Osram's "SHORT TERM DISABILITY PLAN" ("the Plan"),

which is administered by UnumProvident Insurance Company ("Unum"), and entitles employees to STD benefits if and when they become "disabled."[1]

Borges was diagnosed by her treating physician, Dr. Russell Brummett, with an L4-5 disc bulge on January 21, 2004.  Believing she was disabled by this condition, Borges immediately filed a claim for STD benefits.  Unum granted her request and paid her benefits from January 21, 2004 through February 27, 2004.  On February 27, 2004, however, Unum informed Borges that her benefits would be withheld and that payment would resume only upon proof of continuing eligibility.[2]

Unum took it upon itself to collect information on Borges' behalf.  It requested, among other things, the notes generated by Dr. Brummett during Borges' visits to his office, as well as any additional medical records Brummett had on file.  By mid-March

---

[1] An employee is "disabled" under the Plan, if they are "limited from performing the material and substantial duties of [their] own job due to . . . injury; and [they] have a 20% or more loss in weekly earnings due to the same . . . injury."

[2] The Plan states that "proof of continuing disability" must be "provided at [the claimant's] expense within 15 days of a request."

2004, Dr. Brummett produced these materials, along with a completed questionnaire stating (1) that Borges suffered from a degenerative back disease, and (2) that Dr. Brummett could not advise Unum as to a proper return to work date until after her April 9, 2004 office visit.  On March 30, 2004, Dr. Brummett reversed course and issued Borges a return to work note.  The note stated that Borges could resume working from March 31, 2004 until April 9, 2004, but only for six hours per day, five days a week, and with weightlifting limitations.  One week later, on April 7, 2004, Unum denied Borges' claim.

Upon returning to work, Borges immediately experienced a recurrence of severe back pain.  She reported this to Dr. Brummett at her April 9, 2004 visit, and he recommended that Borges resume physical therapy and continue to work in a limited capacity.  Frustrated by this response, Borges sought treatment from Dr. Shawn Harrington, an orthopedist from Peterborough, New Hampshire.  Following an April 27, 2004 office visit, Dr. Harrington, concluded that Borges was in fact disabled and ordered her to discontinue work until her condition improved.  On the basis of this diagnosis, Borges appealed Unum's denial of her

claim. Unum received her appeal on the same day and responded by sending Dr. Harrington a request for all of his office notes and records pertaining to Borges' case and a request that he fill out a form describing Borges' condition.

On May 11, 2004, Unum received a fax from Dr. Harrington's office indicating that a fee of $30.27 would be required before he would provide Unum with copies of his records. Unum sent a check for this amount and waited for the records to be sent. On May 25, 2004, Unum received from Dr. Harrington a one-page note, dated April 27, 2004, stating (1) that Borges's back injuries required her to take muscle relaxants and pain medication, (2) that she must refrain from lifting more than five pounds or sitting for more than 15 minutes, and (3) that Borges was not capable of returning to work for four weeks as of the date of the letter. In the same package, Dr. Harrington produced his responses to a one-page completed form-questionnaire, which did no more than reiterate the information contained in his April 27, 2004 note.

Five days prior to the receipt of these materials, Susan Grover, a registered nurse working for Unum, prepared a

memorandum detailing all of the medical evidence that had been submitted by Borges as of May 14, 2004.  She referenced Dr. Harrington's April 27, 2004 office note in the memorandum,[3] and concluded that "medical data does not appear to support impairment beyond a typical lumbar sprain."  Unum's Medical Director, Dr. Alan Neuren reviewed these findings and concluded that Borges had failed to sufficiently support her claim for STD benefits.

Unum upheld its decision to deny Borges benefits in a letter dated May 28, 2004.  Unum explained that it had considered the medical information provided by both Dr. Brummett and Dr. Harrington and concluded that Borges' injury was no worse than a back sprain.  The best remedy for this condition, it asserted, would be continued low stress activity, not unemployment.

Borges filed this action in April 2004.  She asks me to remand the case for reconsideration based on a proper review of the evidence.  I consider her arguments in what follows.

---

[3] Neither party explains how Unum received Dr. Harrington's office note, but Nurse Grover's memorandum nonetheless reflects that Unum had it in its possession as of May 14, 2004.

## II. **STANDARD OF REVIEW**

I resolve the parties' cross-motions for summary judgment by applying the standard rules that apply to such motions. Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A trial is necessary only if there is a genuine factual issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one that affects the outcome of the suit. See id. at 248.

The parties acknowledge that the Plan at issue in this case reserves to Unum the discretion both to determine eligibility for benefits and to interpret the terms of the Plan. Borges therefore concedes that Unum's decision to deny STD benefits must be reviewed under an abuse of discretion standard. See Wright v. R.R. Donnelley & Sons Co. Ben. Plan, 402 F.3d 67, 74 (1st Cir. 2005).

### III.   DISCUSSION

Borges argues that she is entitled to summary judgment because Unum abused its discretion in denying her benefits.  She bases this claim (1) on the charge that Unum formulated its decision in advance of, and thus without reference to, the two pages of material it received from Dr. Harrington on May 25, 2004, and (2) on the charge that Unum had a duty to ask for additional office notes and medical records from Dr. Harrington.

As to Borges' first claim, there is no doubt that Unum considered Dr. Harrington's diagnosis before it rejected her appeal.  Indeed, Unum's May 28, 2004 denial letter dedicates an entire paragraph to a short discussion of Dr. Harrington's analysis.  In pertinent part, it states:

> Medical information we have from Dr. Harrington is a note, dated 04/27/04.  Dr. Harrington reported you would not [sic] able to return to work for four weeks. Dr. Harrington indicated you could not twist, no lifting over 5 lbs [sic], no sitting for more than 15 minutes.  Dr. Harrington recommended relaxants and pain medication.

This reference demonstrates that Unum considered Dr. Harrington's opinion before it ruled on Borges' appeal.   Lending further credence to this conclusion is the fact that Nurse Grover

specifically cited Dr. Harrington's findings in the memorandum Dr. Neuren relied on when he made his recommendation concerning Borges' appeal. Borges' first claim that Unum abused its discretion therefore has no merit.[4]

Borges' second claim is no stronger. She may be right that ERISA imposes upon Unum an affirmative duty in certain circumstances to request more medical information before it resolves a disability appeal. See Glista v. Unum Life Ins. Company of Am., 378 F.3d 113, 129 (1st Cir. 2004) (citing 26 C.F.R. § 2560.503.1(f)(2000)); Booton v. Lockheed Med. Ben. Plan, 110 F.3d 1461, 1463 (9th Cir. 1997) (stating that this is "how civilized people communicate with each other regarding important matters"). Borges, however, has failed to demonstrate that any additional medical information exists that could have affected Unum's analysis. She has therefore failed to demonstrate that further efforts by Unum to develop the record could have altered the conclusions it drew. Failing this, her claim must be denied.

---

[4] That Unum may not have also considered Dr. Harrington's completed questionnaire has no bearing on the case. The questionnaire merely reiterated what was contained in the April 27, 2004 office note.

### III. **CONCLUSION**

Osram's motion for summary judgment (Doc. No. 9) is granted, and Borges' motion for summary judgment (Doc. No. 10) is denied. The clerk is instructed to enter judgment accordingly.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 8, 2005

cc: Steven Hengen, Esq.
    Jeffrey Schapiro, Esq.